By the Court.
The plaintiff’s petition alleges that he is an elector of this state, and that the act of the general assembly, passed April 80, 1891, commonly known as the new, or Australian Ballot Law, in some of its provisions, which are pointed out, is in conflict with the constitution of the state. It also alleges, that %e plaintiff requested the attorney-general to commence an action in quo warranto in *553 this court to test the constitutionality of the statute referred to, and that he declines and refuses to do so. The petition prays in the alternative, either, for a writ of mandamus to compel the attorney-general to institute the action, or if that remedy be denied, then that the court may direct the action to be brought by him.
It is clear the writ of mandamus cannot be awarded. The proper use of that writ is to command the “performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.” ■ Revised Statutes, sec. 6741. It is not contended that the law has made it the duty of the attorney-general to commence an action in quo warranto to test the constitutionality of a statute, when requested by any person who may have, or claims to have, an interest in the question. He may, in a proper case, upon his own relation, bring, such action, or he may bring it on leave of the court, or a judge in vacation, on the relation of another person. Revised Statutes, section 6763. He does not ask leave to bring the action, and an application of another person to him to bring it on his own relation is addressed to his discretion, the exercise of which, the court cannot control. If he refuses, it must be presumed that his refusal is based upon sufficient cause.
Nor do we deem it proper, in a case like this, to direct the attorney-general to bring the action. Section 6762 of the Revised Statutes, provides that the attorney-general, when directed by the governor, supreme court or general assembly, shall commence the action in quo warranto. But we think the power of the court under this section should, as a general rule, be exercised only when something relating to the court, or its business, renders it necessary or advisable. It was not designed, we apprehend, that the court should be called upon to exercise its authority to direct an action to be brought by the attorney-general to test the constitutionality of legislation whenever a citizen, who feels aggrieved, should request it. Other modes are open to him, as they are to the plaintiff in this case, for bringing such legislation before the courts.

Motion overruled.